IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30100-SMY |
| | ) |
| PHILIP REIS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, Chief District Judge:**

On September 22, 2022, Defendant Philip M. Reis was sentenced to 120 months imprisonment after pleading guilty to attempted enticement of a minor (Docs. 61, 64). Reis is currently housed at FMC-Rochester, and his projected release date is May 10, 2030. Now pending before the Court is Reis's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 70). For the following reasons, the motion is **DENIED**.

## Discussion

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b).  Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Reis requests compassionate release asserting that (1) he suffers from medical conditions that make it difficult for him to provide self-care within the environment of a correctional facility; and (2) he is no longer a danger to the public because of his significant physical limitations.

Reis suffers from Crohn's disease, Parkinson's disease and tachycardia, and inflammatory bowel disease-related arthritis.  Reis's medical records noted that his medical conditions are being adequately treated by BOP.  Reis resides in an independent living housing unit and uses a manual wheelchair for mobility.  His medical records also indicate that Reis does not need assistance with daily self-care.  Conditions that are adequately being treated cannot serve as an extraordinary and compelling reason for sentence reduction.  *See United States v. Proctor*, 2022 WL 1261762, at *1 (7th Cir. 2022).

Moreover, the § 3553(a) factors weigh in favor of Reis's continued imprisonment.  Reis has served 40 months of his 120-month sentence.  Releasing him at this juncture would not reflect the seriousness of his offense, promote respect for the law, or sufficiently protect the public from further crimes by him.  For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 384) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  February 19, 2026**

                                               **STACI M. YANDLE**
                                               **Chief United States District Judge**